## WHITE v. TAYLOR.

The endorsement on the back of a writ is no part of the writ or of the declaration, and therefore when a writ is required to be served by copy, such copy need not contain a copy of such endorsement.

The defendant pleaded in abatement that the copy of the writ delivered to him by the officer who served said writ is not a true copy in this,

that the same does not set forth the endorsement on the back of said writ; and without this that, no service of the plaintiff's said writ has been made. The service aforesaid was made in Massachusetts.

To this plea there was a demurrer and joinder. The court sustained the demurrer and the defendant excepted, and the questions of law arising on the case were reserved.

*Whidden*, for defendant.

*Fletcher & Haywood*, for plaintiff.

SARGENT, J. In *Knowles* v. *Rowell*, 8 N. H. 542–5, it is said by Parker, J., that " the endorsement on the back of the writ forms no part of the writ or of the declaration. It is in effect a bond that the endorser will be responsible to the defendant for costs on certain contingencies. And so the endorsement of the name of the officer who served the writ, on the back of the summons, is required by the statute for the information of the defendant, but forms no part of the summons itself."

Sec. 5, chap. 204, General Statutes, provides that "if the defendant is not an inhabitant of the State, and the writ is not served on him in person, but his goods or estate are attached, an attested copy of the writ and of the return of the attachment may be given to him," &c. Sec. 6 of the same chapter provides that in actions for the *recovery of real estate*, and in actions of replevin, or other local actions, when the defendant is not an inhabitant of this State, &c., and the writ is not served on the defendant in person, *such copy of the writ, and in case of replevin, of the return of the goods replevined*, may be given, &c., and by sec. 7 it is provided that writs of review and *scire facias* may be served by leaving a copy, &c.

The object of the statute seems to be to provide that the defendant, not being a resident of the State, shall be served with a copy of the writ, only where no property is attached ; but where his property has been attached on the writ, then it provides that the officer's return or a copy of it shall also be given him, so that he may know what has been done in the premises ; but there is nowhere any provision that any copy of any endorsement shall be served upon such defendant, or that he shall have any notice, on or with the copy of the writ, in relation to any endorsement, and as it is expressly held that the endorsement is no part of the writ or the declaration, we conclude, in this case, it being for the recovery of real estate, that service by a copy of the writ alone was sufficient.

We see no occasion for requiring any notice to the defendant who lives out of the State, as to the endorser of the writ, any more than in cases where defendant lives within this jurisdiction, and his goods have been attached. In that case the law provides that service shall be by a summons, and the statute provides the form of the summons, G. S. p. 412, that it shall contain the substance of the declaration, (p. 413, sec. 4,) and shall be endorsed by the officer serving the same ; but there is

no provision in the form of the summons or in any statute, for giving the defendant any notice as to the endorsement of the original writ, or whether it is endorsed at all.

We find, then, no provision of the statute requiring notice of such endorsement of the writ to be given in any case, whether the defendant is a resident or not; no such notice is given in case of resident defendants, and we see no reason why such notice should be required in case of non-residents. Exception of defendant overruled.

*Demurrer sustained.*